IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IRBY DON WIGINGTON, | ) | |
| ID # 05085035, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:06-CV-0991-B (BH) |
| | ) | ECF |
| DALLAS COUNTY, et al., | ) | Referred to U.S. Magistrate Judge |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Plaintiff, an inmate in the Dallas County Jail (the Jail), filed the instant action pursuant to 42 U.S.C. § 1983. (Compl. at 1; Am. Compl. at 1.) In his initial complaint, he sued Dallas County; Dallas County Sheriff's Department; and Lupe Valdez, Sheriff of Dallas County for failing to implement policies, practices, and procedures relative to providing adequate medical attention at the Dallas County Jail. (Compl. at 1.) Because plaintiff failed to filed his complaint on the standard form used for § 1983 actions in this Court, the Court mailed him a standard § 1983 form and ordered him to correct the deficiency. (*See* Notice of Deficiency and Order.) On June 30, 2006, the Court received a completed standard form from plaintiff, and docketed it as an amended complaint. (*See* Am. Compl. at 1.) Because the amended complaint is not as thorough as the original complaint, the Court considers both complaints in conjunction, rather than considering the amended

complain as replacing the original. Contemporaneously with these findings, the Court has granted plaintiff permission to proceed *in forma pauperis*.

## II. PRELIMINARY SCREENING

As a prisoner seeking redress from a governmental entity and an officer or employee of a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Because he is proceeding *in forma pauperis*, plaintiff's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

## III. SECTION 1983 RELIEF

Plaintiff seeks relief under 42 U.S.C. § 1983 for the failures of defendants to implement policies, practices, and procedures relative to medical care at the Dallas County Jail. Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."

2

*Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

With respect to defendants Dallas County and Lupe Valdez, plaintiff has adequately alleged a deprivation under color of state law of a right secured by the Constitution and the laws of the United States. The claims against those two defendants thus survive summary dismissal at this point.[1]

However, the claims against the Dallas County Sheriff's Department do not survive summary dismissal. A plaintiff may not bring a civil rights action against a servient political agency or department, unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (holding that a police department is not a jural entity). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. The Dallas County Sheriff's Department is not a jural entity that can be sued. *See Magnett v. Dallas County Sheriff's Dep't*, No. 3:96-CV-3191, 1998 WL 51355, at *1 (N.D. Tex. Jan. 20, 1998). Plaintiff thus seeks relief from an entity that is not subject to suit under § 1983.[2] Accordingly, his claims against the Dallas County

---

[1] The Court notes that plaintiff currently pursues § 1983 claims against three physicians employed by the Dallas County Jail during the relevant time period. *See Wigington v. Holbrook*, No. 05-2529-L (N.D. Tex. filed Dec. 30, 2005). Accordingly, consolidation of the two actions may be appropriate.

[2] Although *pro se* plaintiffs who name a non-jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action, *see Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993), the Court is not recommending dismissal of the action. By naming Dallas County and Lupe Valdez, plaintiff has named proper

Sheriff's Department are frivolous and subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's action against the Dallas County Sheriff's Department with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff's claims against Dallas County and Lupe Valdez should proceed and process should issue to them.

**SIGNED this 19th day of July, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

policy makers regarding medical policies at the Dallas County Jail.